UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

GARY WARICK,

    Plaintiff,

v.

GEORGE TUSSEY, et al.,

    Defendants.

Civil Action No. 7: 23-74-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Gary Warick's complaint in this action was filed on September 11, 2023. *See* [R. 1]. Warick implies, without expressly alleging, that the four defendants, each a police officer, used excessive force, arrested him without probable cause, and/or filed baseless criminal charges against him. *See id*. Defendant Emmit Thompson has filed a motion seeking to dismiss the complaint as time-barred and for failure to assert viable claims. [R. 33]. Defendants Gerald Clark, Adam Dixon, and George Tussey have filed their own motion seeking dismissal solely on limitations grounds. [R. 37].

Warick has filed a response to the statute of limitations arguments. *See* [R. 41 at 1-6]. Warick's response does not squarely address Thompson's arguments regarding the sufficiency and viability of his allegations. But he did style his response as, alternatively, a motion to amend his complaint and he includes new factual allegations within it. *See* [R. 41 at 1, 6-14].[1,2] The

---

[1] For administrative clarity, the Clerk docketed Warick's submission twice, once as a response to the two dispositive motions, *see* [R. 41], and again as a motion to amend his complaint, *see* [R. 42].

[2] Shortly after he filed his combined response and motion, Warick sent a letter to the Clerk requesting that a new page twelve be substituted for the one he had filed in his original submission. *See* [R. 43]. The new page only altered language found in paragraphs numbered 54 and 55 of Warick's factual allegations. *Compare* [R. 43-1] *with* [R. 41 at 12]. The Clerk docketed Warick's letter as a motion to

defendants have filed their separate replies. [R. 44; R. 45]. Two months after briefing closed, Warick filed a sur-reply.[3] [R. 46] This matter is therefore ripe for decision. Having fully reviewed this matter and considered the arguments of the parties, the Court will grant the defendants' motions and dismiss Warick's complaint because its claims are untimely asserted.[4]

I.

The factual basis for Warick's claims is fairly straightforward, but the procedural path which brought his complaint before the Court is quite convoluted. In June 2014 Warick was arrested near his vehicle, which was parked outside a Dairy Queen in Prestonsburg, Kentucky. Defendants Tussey, Clark, Dixon, and Thompson were police officers involved in Warick's detention, search, and/or arrest. Drugs and related paraphernalia were found in a search, and Warick was charged with drug possession, drug trafficking, and ancillary offenses in Floyd County. [R. 1 at 4-9]. *See Commonwealth v. Warick*, No. 14-CR-00102 (Floyd. Cir. Ct. 2014).[5] Surveillance of Warick's home and the subsequent execution of a search warrant by Dixon and Thompson resulted in separate charges for marijuana possession and cultivation in Johnson County. [R. 1 at 9-12]. *See Commonwealth v. Warick*, No. 14-CR-00225 (Johnson Cir. Ct.

---

amend/correct his motion to amend. Defendants did not respond or object to Warick's request, and the changes Warick seeks are minor and/or immaterial to the issues at hand. The Court will therefore grant the construed motion.

[3] A sur-reply is not permitted by the Court's Local Rules, *see* LR 7.1(c), (g), or the Court's briefing orders in this case, *see* [R. 34; R. 38]. The Court will nonetheless permit the filing and consider its brief contents in light of Warick's *pro se* status.

[4] Because the limitations bar is sufficient to warrant dismissal, the Court does not address Thompson's alternative arguments.

[5] The online docket for this case, accessed on September 9, 2024, may be reviewed at https://kcoj.kycourts.net/CourtNet/Search/CaseAtAGlance?county=036&court=1&division=CI&caseNumber=14-CR-00102&caseTypeCode=CR&client_id=0.

2

2014).[6]  In both cases, Warick entered a plea pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970), which preserved his right to appeal the trial courts' respective denials of his motions to suppress certain evidence obtained from a search near the vehicle.  *See Warick v. Commonwealth*, 592 S.W.3d 276, 278-80 (Ky. 2019).

On consolidated appeal from the two prosecutions, in February 2020[7] the Kentucky Supreme Court vacated the decision of the Kentucky Court of Appeals and remanded the Floyd County portion of case to the Floyd Circuit Court to make additional findings of fact regarding Warick's suppression motion.  *Warick*, 592 S.W.3d at 287.  The Kentucky Supreme Court gave no similar direction regarding the case in the Johnson Circuit Court, and the docket in that case gives no indication that Warick's conviction in that proceeding was vacated or otherwise determined to be invalid.  *See* note 5, *supra*.  In comparison, following remand and upon the agreement of the parties the Floyd Circuit Court dismissed the case against Warick on October 29, 2020.[8]  *See* note 4 *supra*; *see also Warick v. Prestonsburg City Police*, No. 7:21-CV-80-REW (E.D. Ky. 2021) (from now on, "*Warick I*"), [R. 1-1 (Order) at 1].

---

[6]  The online docket for this case, accessed on September 9, 2024, may be reviewed at https://kcoj.kycourts.net/CourtNet/Search/CaseAtAGlance?county=058&court=1&division=CI&caseNumber=14-CR-00225&caseTypeCode=CR&client_id=0.

[7]  The Kentucky Supreme Court issued its opinion in August 2019, but the case was not remanded until after that Court denied a motion for rehearing in that appeal.

[8]  That order is not a model of clarity: it dismisses "the above-referenced" - what, it does not say.  And while it dismisses that case, it does so without expressly vacating the previously-entered judgment of conviction.  *See Warick I*, [R. 1-1 at 1].  And, as noted, no action at all was taken in the Johnson Circuit Court post-remand, apparently leaving that conviction extant.  The disparate treatment of the two convictions would potentially necessitate a divergent timeliness analysis of each in light of *Heck v. Humphrey*, 512 U.S. 477, 489 (1994).  Nonetheless, because the plaintiff and defendants alike treat all of Warick's convictions as invalidated by the Kentucky Supreme Court's opinion and ensuing proceedings, the Court does so as well for purposes of analysis.

Just shy of one year later, on October 22, 2021, Warick filed in this Court a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 regarding these events. *See Warick I*, [R. 1]. Warick named as defendants the "Prestonsburg City Police," the "Paintsville City Police," and unnamed "individuals and entities." *See id*. at 2-3. Four days later on October 26, 2021, upon initial screening the Court dismissed the complaint, without prejudice, because Warick had failed to identify any viable defendant or make necessary allegations. *See Warick I*, [R. 6]. In doing so, however, the Court expressly advised Warick that he could "file a new civil rights complaint in which he asserts factual allegations and legal claims against specific individuals allegedly involved in the matter at hand." *See id*. at 4 (cleaned up).[9]

Warick could have immediately filed an entirely new complaint in accordance with the Court's direction. Or, perhaps, he could have moved to reconsider the dismissal along with a motion to amend his complaint with a viable pleading tendered. But Warick did nothing further to pursue his claims at that time. Instead, as the Court noted in a later proceeding, between November 2021 and May 2022 Warick was arrested and charged in three separate criminal prosecutions in Floyd and Johnson counties on various charges for disorderly conduct, drug possession, and drug trafficking. *See Warick v. Tussey*, No. 7: 22-CV-53-CHB (E.D. Ky. 2022) (from now on, "*Warick II*") [R. 7 at 3-4 (Order)]. And in October 2022, Warick was charged in this Court with various offenses based upon his alleged conduct in 2021, and that case remains pending. *See United States v. Warick*, No. 7:22-CR-19-REW-EBA (E.D. Ky. 2022).

Warick waited seven months after his initial complaint was dismissed before he submitted a new complaint in June 2022. *See Warick II*, [R. 1]. However, through his complaint

---

[9] Indeed, the Court noted, the officers involved were identified by name in the Kentucky Supreme Court opinion which Warick himself had attached to the complaint, *see Warick I*, [R. 1-2], but he failed to name them as defendants in the complaint itself.

4

and an accompanying letter, Warick did not clearly indicate whether he wished his complaint to institute an entirely new action – as he had been directed to do in *Warick I* – or instead (in his own words) to "re-submit" his civil rights complaint, presumably in *Warick I* itself. *See Warick II*, [R. 1 at 3; R. 1-1 at 1]. Faced with that ambiguity, the Clerk initially docketed Warick's submission as a new complaint in a new case. Upon initial review however, the Court concluded that based upon certain of Warick's statements and given the totality of the circumstances, it was more likely that Warick intended to have his complaint "re-filed" in *Warick I*. *See Warick II*, [R. 4 (Order of Dismissal) at 1-2]. In several later filings Warick made clear that this was precisely his intention. *See Warick v. City of Prestonsburg, Ky.*, No. 22-5766 (6th Cir. 2022) [R. 8 (Appellant's Brief) at 2 ("That when the Judge said file a new action that I construed that as being more specific in my complaint.")]; *Warick I*, [R. 12 at 1 ("In the above case, Judge Hood gave me permission to refile my complaint which I did. However, due to my lack of legal knowledge, my refiling was docketed as a new case.")].

And, after all, the Court noted that this understanding of Warick's intent served another salutary goal: sparing Warick the obligation of paying yet another $350.00 civil filing fee for a complaint that was destined to be immediately dismissed because its claims were plainly time-barred if filed as a new action. *See Warick II*, [R. 4 at 3]. The Court therefore ordered the new matter closed as improvidently opened, and directed the Clerk to file Warick's new complaint in *Warick I*. *Id*. at 4. If Warick believed that the Court in *Warick II* had misapprehended his intentions, he could have immediately filed an appropriate motion in *Warick II* indicating that he indeed had wished to file an entirely new case. If he had done so, the Court would have re-opened the case, notwithstanding its dim prospects. But again, Warick did not.

5

As directed, the Clerk docketed Warick's new complaint in *Warick I*, his earlier case. *See Warick I*, [R. 9]. However, for two months after its re-filing in *Warick I*, Warick did not file a formal motion to re-open that long-closed case or seek permission to amend his complaint. Accordingly, on August 17, 2022, the Court in *Warick I* entered an Order denying any implicit request by Warick to proceed in that case. *See Warick I*, [R. 11 (Order)]. Warick promptly filed a notice of appeal. *See id.*, [R. 12].

Apparently in response to language in the Order entered in *Warick I* declining to re-open the case, Warick then filed (in both *Warick I* and *Warick II*) a formal motion to "obtain relief" and file his new complaint. *See Warick I*, [R. 14]; *Warick II*, [R. 6]. The Court in *Warick I*, believing that Warick's already-filed notice of appeal deprived it of authority to consider his motion, denied it summarily. *See Warick I*, [R. 16]. On the same day, the Court in *Warick II* entered an Order noting that that case was closed administratively rather than substantively, and hence deferred to the presiding judge in *Warick I* regarding re-opening that case. The Court noted parenthetically that Warick's motion appeared to be untimely asserted (at least in *Warick II*) and, in any event, failed to establish grounds warranting equitable tolling to extend the limitations period. The Court therefore denied the motion. *See Warick II*, [R. 7].

On appeal the Sixth Circuit reviewed the decision in *Warick I* and found no error in its order declining to re-open the case, noting that Warick's failure to file a formal motion under Rule 60(b) of the Federal Rules of Civil Procedure to re-open the case deprived the district court of authority to grant that relief.[10]  *See Warick v. City of Prestonsburg*, No. 22-5766 (6th Cir.

---

[10] To be clear, Warick did file such a motion in *Warick I*, but only after he had filed his notice of appeal. Warick did not separately appeal the denial of his motion to re-open, so that matter was beyond the scope of the Sixth Circuit's appellate jurisdiction.

Aug. 11, 2023) (*citing United States v. Pauley*, 321 F.3d 578, 581 (6th Cir. 2003)). The Sixth Circuit therefore affirmed. However, the Sixth Circuit also expressed concern that:

> ... the combination of rulings in the district court has closed the courthouse doors to Warick. One judge would not consider his complaint on the ground that it should have been filed in his original case, and another judge would not consider it on the ground that it should have been filed as a new case. In our view, the blockage of every path to merits review is manifestly unjust, particularly when the district court had told Warick that the dismissal of his original complaint was without prejudice to his filing of a new complaint.

*See id.* Invoking 28 U.S.C. § 2106, the Sixth Circuit concluded that the interests of justice warranted remand of the matter "for redocketing of Warick's new complaint as a new civil action." *Id.*[11] The Court in *Warick II* implemented the Sixth Circuit's direction five days after

---

[11] The Court respectfully disagrees with the Sixth Circuit's assessment of the prior proceedings. First, the record demonstrates that the Sixth Circuit mischaracterized the basis for the pertinent orders in both *Warick I* and *Warick II*. The Sixth Circuit's statement that the Court in *Warick II* "would not consider [Warick's] complaint on the ground that it should have been filed in his original case" is incorrect. The Court's Order does not state or imply that the basis for decision was its own legal judgment as to where it most advisable for Warick to lodge his complaint. Rather, the Order's overarching focus was upon effectuating *Warick's* intent regarding where he wished his complaint to be filed. *See Warick II*, [R. 4 at 2 ("Further review of the new complaint makes clear that Warick intended it to be filed in his prior case. ... These statements and circumstances collectively indicate that Warick's intent was to 're-submit my civil rights complaint' rather than file a new one.") (cleaned up)]. Likewise, the Sixth Circuit erred when it stated that the Court in *Warick I* "would not consider [Warick's complaint] on the ground that it should have been filed as a new case." Instead, the Court in *Warick I* indicated that it could not grant relief because "Warick did not file a motion with his latest submission, such as one trying to obtain relief from the Court's earlier Judgment or seeking leave to amend his previously-dismissed complaint." *See Warick I*, [R. 11 at 3]. Indeed, the Sixth Circuit expressly concluded that the Court's denial of relief in *Warick I* was legally required *for that reason*. *See Warick*, No. 22-5766 (Aug. 11, 2023 Order at 2) ("When Warick filed his new complaint, he did not move for relief from the judgment so as to amend his complaint in that case. And, absent a motion, the district court lacked the authority to reopen the closed case and allow an amendment.").

Second, the orders in *Warick I* and *Warick II*, even as construed by the Sixth Circuit, did not individually or collectively "close the courthouse doors" to Warick. Shortly after the original dismissal of *Warick I* in 2021, Warick could have promptly moved to vacate that dismissal and/or amend his complaint. He did neither. Shortly after the administrative closure of *Warick II*, Warick could have sent a letter clarifying that he did intend to file a new case or filed a motion to re-open that case for that reason. He did neither. After Warick's new complaint was redocketed in *Warick I*, he could have moved to re-open that case and/or amend his complaint. He did neither. And at any time during this period Warick could have simply filed a new complaint in a wholly new civil action. He did not. The orders in the two cases did not collectively result in "the blockage of every path to merits review" of Warick's claims: multiple paths remained open; Warick chose not to take any of them.

issuance of the mandate. *Warick II*, [R. 21 (Order)]. Warick's complaint was filed in this action on September 11, 2023.[12] [R. 1]

## II.

In his complaint, Warick alleges that while he was sitting in his car parked at the Dairy Queen, Prestonsburg police officer Tussey asked if he was intoxicated and pulled him from his vehicle. Tussey handcuffed Warick and searched his pockets, but found no contraband. [R. 1 at 4-5]. The officers did find $3,000.00 in cash in Warick's pockets. *Warick*, 592 S.W.3d at 279. Officer Clark arrived shortly thereafter and performed a blood test on Warick, but the result showed no alcohol in his system. Clark then pulled an unnamed passenger from the car and searched him, finding "some pills, a needle, and a joint." [R. 1 at 6]. The passenger's wife, who had just exited the Dairy Queen, was also detained. The passenger and his wife were arrested and taken immediately to jail. [R. 1 at 6].

Warick was held at his car for an hour waiting for a K-9 unit to arrive; during this period officer Thompson arrived. *Id*. The K-9 did not alert at the vehicle, but did so in a grassy area just behind it. There police found a bag of marijuana and a pill bottle. The pill bottle had Warick's name printed on it and indicated that it contained antibiotics; instead, it contained oxycodone. [R. 1 at 6-7]. Officer Dixon then obtained a warrant to search Warick's vehicle.

---

Finally, and independent of the foregoing, the Sixth Circuit's chosen remedy could not have benefitted Warick, at least not without more drastic, judicially-crafted relief. Warick filed his original complaint in October 2021, shortly before the limitations period expired. When he submitted his new complaint seven months later in June 2022, the statute had long since run. *See Warick I*, [R. 8 at 1, 3]. Thus, "redocketing Warick's new complaint as a new civil action" more than a year later resulted only in the filing of yet another, even more untimely, complaint.

[12] Because the Court instituted this action at the Sixth Circuit's direction, Warick did not owe (and this Court did not impose) a filing fee because Warick is not a "part[y] instituting any civil action. ..." 28 U.S.C. § 1914(a).

[R. 1 at 7-8]. The subsequent search revealed no drugs, but three cell phones were found that Dixon believed belonged to Warick. Dixon indicated that one of the phones had an incoming text message regarding drug trafficking. The officers also found a napkin that, according to the officers, appeared to be a ledger of drug sales. *Warick*, 592 S.W.3d at 279. Warick was charged with drug possession, drug trafficking, and evidence tampering. [R. 1 at 8]. Later forensic analysis of the phones failed to reveal evidence of drug trafficking. *Id*. at 9-10. In November 2016 Warick pleaded guilty to the possession charge while the other charges were dismissed, and he was sentenced to 30 days imprisonment. *See* note 4, *supra*.

The day after Warick's arrest, Dixon obtained a warrant to search his home. Warick alleges that Dixon and Thompson forced their way into his home over the protests of his fiancée. *Id*. at 11. No drugs were found inside, but the officers found several small potted marijuana plants outside. The officers also found drug paraphernalia, marijuana, and marijuana seeds. *Warick*, 592 S.W.3d at 279. Warick was charged on Johnson County with marijuana possession and cultivation. [R. 1 at 11-12]. In November 2016 Warick pleaded guilty to the possession charge while the other charges were dismissed, and he was sentenced to 45 days imprisonment. *See* note 5, *supra*. Warick asserts that these convictions prompted revocation of his parole for a prior conviction, resulting in a three year revocation sentence. [R. 1 at 8]. On October 29, 2020, the Floyd Circuit Court entered an Order dismissing that case following the remand from the Kentucky Supreme Court.

Warick's complaint asserts violation of unspecified rights under the First, Fourth, Sixth, and Fourteenth Amendments to the United States Constitution. [R. 1 at 14]. The Court can perceive no plausible claims under the First or Sixth Amendments against the remaining

defendants based upon the facts alleged.[13] Liberally construed, Warick's remaining claims assert violation of his rights under the Fourth and/or Fourteenth Amendments for false arrest arising out of the assertedly illegal search and seizure, (arguably) for malicious prosecution arising out his initial and continued prosecution, and (potentially) for excessive force.

### III.

Following service of process, the defendants collectively move for dismissal of Warick's newly-filed complaint on statute of limitations grounds.[14] [R. 33; R. 37]. Their assertion that Warick's claims are time-barred is an affirmative defense for which they bear the burden of proof. *Snyder-Hill v. Ohio State Univ.*, 48 F.4th 686, 698 (6th Cir. 2022). For that reason, a motion under Rule 12(b)(6) for failure to state a claim is generally not the appropriate method to seek dismissal on that basis. *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012).

---

[13] Upon initial screening, the Court dismissed all of the claims against defendants Dairy Queen of Prestonsburg, the Department of Public Advocacy, DPA Attorney Karen Maurer, the cities of Floyd, Johnson, Prestonsburg, and Paintsville, and the "unknown others." *See* [R. 9].

[14] Clark, Dixon, and Tussey filed their motion to dismiss, *see* [R. 37], only after they had already filed an answer, *see* [R. 32]. Rule 12(b) expressly provides that "[a] motion asserting any of these defenses must be made *before pleading* if a responsive pleading is allowed." Fed. R. Civ. P. 12(b) (emphasis added). The defendants' Rule 12(b)(6) motion will therefore not lie because it is untimely. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 n.1 (6th Cir. 1988).

Nonetheless, a defense that a complaint fails to state a claim upon which relief may be granted can also be raised by motion for judgment on the pleadings. Fed. R. Civ. P. 12(h)(2). Such a motion can be filed after the pleadings have closed. Fed. R. Civ. P. 12(c). District courts in the Sixth Circuit therefore generally treat a motion to dismiss filed post-answer as a motion for judgment on the pleadings. *Scheid*, 859 F.2d at 436 n.1; *Satkowiak v. Bay Cnty. Sheriff's Dep't*, 47 F. App'x 376, 377 (6th Cir. 2002). The Court will do so here. *Gambrel v. Knox Cnty., Kentucky*, No. 17-CV-184-DLB, 2018 WL 1457296, at *3 (E.D. Ky. Mar. 23, 2018) ("This Court, however, joins other courts that have favored a middle course, remedying the procedural deficiency by construing the post-answer motion to dismiss as a motion for judgment on the pleadings under Rule 12(c)."). After all, "the distinction between the two motions is largely one of timing," *Gabbard v. Brewer*, No. 6:18-CV-236-CHB, 2021 WL 2828940, at *1 (E.D. Ky. July 6, 2021), because "a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is reviewed under the same standard as a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)," *Dassault Systemes, SA v. Childress*, 828 F. App'x 229, 236 (6th Cir. 2020) (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11 (6th Cir. 1987)).

Still, dismissal under Rule 12(b)(6) is warranted if "the allegations in the complaint affirmatively show that the claim is time-barred." *Id.* If the defendant meets its initial burden to show that the statute of limitations has run, "then the burden shifts to the plaintiff to establish an exception to the statute of limitations." *Lutz v. Chesapeake Appalachia, L.L.C.*, 717 F.3d 459, 464 (6th Cir. 2013).

Where the operative facts are not in dispute, determining whether the statute of limitations has expired is a question of law for the Court to decide. *Alverson v. Am. Nat. Ins. Co.*, 30 F. App'x 491, 494 (6th Cir. 2002); *Highland Park Ass'n of Bus. & Enters. v. Abramson*, 91 F.3d 143, 1996 WL 382252, at *3 (6th Cir. July 3, 1996) (*citing Hall v. Musgrave*, 517 F.2d 1163, 1164 (6th Cir. 1975)). The same holds true when determining whether equitable tolling is warranted. *Wershe v. City of Detroit, Michigan*, No. 23-1902, 2024 WL 3717186, at *4 (6th Cir. Aug. 8, 2024) (*citing Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010)).

Because Section 1983 does not provide its own limitations period, federal courts borrow the most analogous statute of limitations from the state where the events occurred. *Zundel v. Holder*, 687 F.3d 271, 281 (6th Cir. 2012). In Kentucky, that is Ky. Rev. Stat. § 413.140(1)(a), which establishes a one-year limitations period for personal injuries. *Bonner v. Perry*, 564 F.3d 424, 430-31 (6th Cir. 2009); *Brown v. Wigginton*, 981 F.2d 913, 914 (6th Cir. 1992) ("There is also no dispute that in Kentucky there is a one-year statute of limitations on section 1983 actions."). In contrast, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Generally a claim accrues when the plaintiff becomes aware of the injury that forms the basis for his claims. *Estate of Abdullah ex rel. Carswell v. Arena*, 601 F. App'x 389, 393-94 (6th Cir. 2015).

Warick's claims for excessive force (and, if he intended to assert them independently, for illegal search and illegal seizure) accrued immediately in June 2014. His claim for false arrest related to the Floyd County prosecution accrued in September 2014 when he was arraigned in the Floyd Circuit Court; his parallel claim for false arrest related to the Johnson County prosecution accrued in January 2015 when he was arraigned in the Johnson Circuit Court. *See* notes 4 and 5, *supra*. *See Fox v. DeSoto*, 489 F. 3d 227, 233 (6th Cir. 2007) ("A § 1983 claim for excessive force in effectuating an arrest accrues at the time of arrest," and "a claim for wrongful arrest under § 1983 accrues at the time of the arrest or, at the latest, when detention without legal process ends.").[15] To be timely, Warick would have to have filed those claims by June 2015 to January 2016, depending on the particular claim. Warick did not assert those claims in this proceeding until more than seven years after accrual, are they are therefore evidently barred by the statute of limitations.

Warick's malicious prosecution claim accrued on October 29, 2020, upon post-remand dismissal of the criminal cases against Warick (and the implied *vacatur* of his convictions). *See D'Ambrosio v. Marino*, 747 F. 3d 378, 384 (6th Cir. 2014) ("*Heck* modified the general rule of accrual for § 1983 actions by delaying what would otherwise be the accrual date of a tort action until the setting aside of an *extant conviction* which success in that tort action would impugn. Under *Heck*, a cause of action under § 1983 that would imply the invalidity of a conviction does not accrue until the conviction is reversed or expunged, and therefore

---

[15] *See also Wallace*, 549 U.S. at 389-90 ("Reflective of the fact that false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held pursuant to such process - when, for example, he is bound over by a magistrate or arraigned on charges. 'If there is a false arrest claim, damages for that claim cover the time of detention up until issuance of process or arraignment, but not more. From that point on, any damages recoverable must be based on a malicious prosecution claim and on the wrongful use of judicial process rather than detention itself.' [The false imprisonment] ended much earlier, when legal process was initiated against him, and the statute would have begun to run from that date ...") (cleaned up).

the statute of limitations does not begin to run until such an event occurs, if ever.") (cleaned up); *see also King v. Harwood*, 852 F.3d 568, 579 (6th Cir. 2017) ("When the Kentucky Court of Appeals granted King relief, it vacated her *Alford* plea, but it did not result immediately in a 'termination of the ... criminal proceeding in favor of the accused,' as *Heck* would require for the limitations period to begin. 512 U.S. at 484, 114 S.Ct. 2364. Rather, King's case was remanded for trial on the same charges that formed part of the malicious prosecution for which King now seeks relief. Accordingly, the one-year statute of limitations period did not begin until October 9, 2014, when King's indictment was dismissed ..."). Warick was therefore required to file suit asserting his malicious prosecution claims by October 29, 2021.

While Warick instituted *Warick I* shortly before that deadline, that case was dismissed without prejudice for failure to assert viable claims. Warick did not immediately appeal, and the Sixth Circuit later affirmed the *Warick I* Court's subsequent decision not to *sua sponte* re-open the case when he failed to affirmatively seek that relief himself. Warick also did not seek reconsideration of the administrative closure of *Warick II* or otherwise appeal. In any event, the present action is not a continuation of either of those cases, but is instead an independent proceeding initiated by the Sixth Circuit's mandate. *See Warick v. City of Prestonsburg*, No. 22-5766 (6th Cir. Aug. 11, 2023) (directing the Court to "redocket [] Warick's new complaint *as a new civil action*.") (emphasis added).[16] This case, filed on September 11, 2023, was filed nearly

---

[16] For limitations purposes, it would not matter even if the present action were in some way considered a successor case to either *Warick I* or *Warick II*: a without-prejudice dismissal of an earlier civil proceeding does not toll the running of the limitations period during its pendency. *Cf. Towerco 2013, LLC v. Berlin Twp. Bd. of Trustees*, 110 F.4th 870, 887 (6th Cir. 2024) (collecting cases; citing *Harris v. City of Canton*, 725 F.2d 371, 376–77 (6th Cir. 1984) ("[D]ismissals without prejudice operate to leave the parties as if no action had ever been commenced. ... If the period of limitations has run by the point of such a dismissal, any new action is generally untimely."); *see also Ciralsky v. C.I.A.*, 355 F.3d 661, 672 (D.C. Cir. 2004) ("When a complaint is timely filed, the statute of limitations is tolled, and subsequent amendments to the complaint are also regarded as timely. However, once a suit is dismissed, even if without prejudice, the tolling effect of the filing of the suit is wiped out and the statute of limitations is

two years after the expiration of the limitations period. Warick's malicious prosecution claims are also time-barred.

Warick does not dispute the operative dates. Instead, he states that around the time that *Warick I* was dismissed, his father passed away. Further, his mother became very ill, was hospitalized, and passed away in January 2022. Warick contends that "these extenuating circumstances prevented the immediate filing of the new complaint." [R. 41 at 4]. This is consistent with his allegation in his complaint that he was "mentally incompetent" to re-file his complaint until May 2022 because he lost his step-father, his mother, and his fiancée. *See* [R. 1 at 3]. As set forth above, between November 2021 and May 2022 Warick was also charged in three state and one federal case with drug possession and drug trafficking offenses. *See* page 4, *supra*. Warick asserts that the filing of a new complaint in June 2022 complied with the Court's direction in *Warick I* and was timely. [R. 41 at 4-6].

Section 1983 claims borrow Kentucky's tolling rules. *Hardin v. Straub*, 490 U.S. 536, 539 (1989) ("Limitations periods in § 1983 suits are to be determined by reference to the appropriate 'state statute of limitations and the coordinate tolling rules.'"); *Kalasho v. City of Eastpointe*, 66 F. App'x 610, 611 (6th Cir. 2003). The only tolling provision potentially relevant to Warick's claim of mental incompetence is Kentucky's rule that the running of the limitations period is tolled if the plaintiff was, "at the time the cause of action accrued," "an infant or of unsound mind ..." *See* Ky. Rev. Stat. 413.170(1).[17] A plaintiff who asserts that he is entitled to toll the statute of limitations due to an "unsound mind" bears the burden of proving that his condition rendered him "incapable of managing [his] own affairs." *Se. Ky. Baptist Hosp., Inc. v.*

---

deemed to have continued running from whenever the cause of action accrued, without interruption by that filing.") (citations and internal quotation marks omitted).

[17] Defendant Thompson correctly notes that none of the extraordinary circumstances under which Kentucky law provides for equitable tolling apply to the facts of this case. *See* [R. 44 at 7].

*Gaylor*, 756 S.W.2d 467, 469 (Ky. 1988). And, importantly here, the condition triggering the plaintiff's "unsound mind" must be present at the time the cause of action accrued. *Rigazio v. Archdiocese of Louisville*, 853 S.W.2d 295, 296–97 (Ky. Ct. App. 1993). The circumstances Warick faced in late 2021 and early 2022 were doubtless emotionally difficult. However, because they were not already present when his claims accrued in 2014, 2015, and October 2020, respectively, they cannot be a basis for tolling under Section 413.170(1). Further, Warick does not suggest or establish that those circumstances were so severe that they rendered him incapable of managing his own affairs within the limitations period. He therefore fails to establish grounds to toll the running of the limitations period, and his claims must be dismissed as untimely asserted.

Finally, and in light of the foregoing, Warick's motion to amend his complaint will be denied. First, Warick simply added new factual allegations to his combined response and motion to amend, but a party seeking leave to file an amended complaint must ordinarily attach a copy of the proposed amended complaint to his motion. *Kuyat v. BioMimetic Therapeutics, Inc.*, 747 F.3d 435, 414 (6th Cir. 2014). Second, the proposed amendment is futile because his new factual allegations do not suggest or establish that his claims were timely asserted. *See Kottmyer v. Maas*, 436 F.3d 684, 692 (6th Cir. 2006).

Accordingly, it is **ORDERED** as follows:

1. Warick's motion to amend/correct his motion for leave to amend his complaint [R. 43] is **GRANTED**.

2. Warick's motion to amend his complaint [R. 42] is **DENIED**.

3. The motion to dismiss filed by defendant Thompson [R. 33] is **GRANTED**.

4.  The motion to dismiss filed by defendants Clark, Dixon, and Tussey [R. 37], treated as a motion for judgment on the pleadings, is **GRANTED**.

5.  The Court will enter a corresponding judgment.

6.  This matter is **STRICKEN** from the docket.

Entered: September 11, 2024.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY